IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HELEN LUCERO,**

    **Plaintiff,**

vs.                                                               No. CIV-05-0459 JH/RLP

**UNITED STATES OF AMERICA,**

    **Defendant.**

### Proposed Findings and Recommended Disposition regarding Plaintiff's Motion to File Amended Complaint [Docket No. 36]

The matter before the court is Plaintiff's Motion for Leave to File Amended Complaint. [Docket No. 36].[1] Defendant objects to the Motion, arguing that permitting the amendment would be futile because the proposed Amended Complaint raises a claim different from that raised in the administrative claim presented to the Department of Health and Human Services, and as such, would be barred by sovereign immunity. Defendant also contends that Plaintiff's Motion should be denied on the grounds of timeliness, bad faith, dilatory motive and prejudice. [Docket No. 45]. For the reasons stated herein, I recommend that Plaintiff's Motion to File Amended Complaint be granted.

### Background

Plaintiff was a patient at Health Centers of Northern New Mexico ["HCNNM" herein] on November 11, 2003, when she was evaluated by clinic employee, physician's assistant, Mr. Malik. [Complaint, Docket No. 1, ¶¶ 10 & 11; Answer, Docket No. 2, ¶¶ 10 & 11]. Mr. Malik noted that

---

[1] Plaintiff, in a supplemental Reply filed on April 3, 2006 (Docket No. 57), seeks to replace the proposed Amended Complaint appended to her original Motion to Amend with a new Proposed Amended Complaint. This attempted switch of pleadings will not be permitted. The matter addressed in these Proposed Findings and Recommended Disposition pertains to the Proposed Amended Complaint appended to Plaintiff's Motion to Amend, Docket No. 36. If further amendment is sought by Plaintiff, Plaintiff shall file an appropriate motion.

Plaintiff was allergic to sulfa, codeine and eggs, and that her blood pressure was elevated at 202/104. He recommended that she take the drug Bumex. [Complaint, Docket No. 1, ¶ 13; Answer, Docket No. 2, ¶ 13]. It is undisputed that Mr. Malik also administered a medication in the clinic to lower Plaintiff's blood pressure. Plaintiff contends that this medication was administered negligently, and that it caused her harm. The identification of that medication is the subject of this Motion to Amend. In her original complaint Plaintiff identified this medication as Bumex. She seeks to amend her complaint to identify this medication as Clonidine.

### Standards Applicable for Amendment of Pleadings

Once a responsive pleading has been filed, a party wishing to amend the pleadings must do so by filing a motion with the court. See Fed.R.Civ.P. 15(a). Leave to amend a complaint "shall be freely given when justice so requires." Id. United States Court of Appeals for the Tenth Circuit has adopted a liberal standard when determining whether the interests of justice dictate that the court should give leave to amend the pleading. See, e.g., Calderon v. Kan. Dep't of Soc. and Rehab. Services, 181 F.3d 1180, 1185-86 (10th Cir.1999). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Id. (citing Foman v. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. at 182, 83 S.Ct. 227.

"Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile."). "A proposed amendment is futile if

2

the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001).

Defendant contends that permitting the amendment sought by Plaintiff would be futile, because Plaintiff's claim would be barred by sovereign immunity.

## Analysis

Plaintiff's claim is brought under the Federal Tort Claims Act.  The FTCA waives the federal government's sovereign immunity to suits for money damages arising out of the negligence of government agents.  See 28 U.S.C. 1346(b); FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).  As a condition of this waiver, the FTCA requires that a claimant exhaust administrative remedies before bringing a claim against the United States in federal court. §28 U.S.C. 2675(a).  To satisfy the exhaustion requirement, the claimant must file an administrative claim including "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."  Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir.1992).  "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed.  The requirements are jurisdictional and cannot be waived." Trentadue v. United States, 397 F.3d 840, 852 (10th Cir. 2005),  quoting Bradley v. United States ex rel. Veterans Admin., 951 F.2d 268, 270 (10th Cir.1991)

On October 15, 2004, prior to filing suit herein, Plaintiff presented her claim to the Department of Health and Human Services ["DHHS" herein], in a Standard Form 95. ["SF-95" herein]. This document is appended in its entirety to Defendant's Response,  [Docket No. 44, Exh.

F], and alleges in material part that:

1. Plaintiff was treated by Mr. Malik at HCNNM on November 11, 2003, at 9:30 a.m.;

2. Mr. Malik noted that Plaintiff was allergic to sulfa, codeine and eggs and that her blood pressure was unusually elevated at 202/104;

3. Mr. Malik recommended a change in medication, and prescribed Bumex, a sulfa-based loop diuretic;

4. Mr. Malik administered a dose of Bumex to Plaintiff;

5. Bumex is contraindicated in patients such as Plaintiff with a known allergy to sulfonamides, and that even without an allergic reaction Bumex could cause rapid and profound diuresis;

6. Plaintiff had a reaction to medication later that day, which resulted in anaphylactic shock with acute respiratory failure;

7. Plaintiff was transported to a hospital emergency room, and on arrival was cyanotic and comatose;

8. It was the impression of the emergency room physician treating Plaintiff that she was suffering from anaphylactic shock with acute respiratory failure due to sulfa allergy cross-reacting with Bumex;

9. The following day Plaintiff's treating cardiologist indicated that Plaintiff was suffering from acute respiratory distress secondary to anaphylactic reaction secondary to sulfa-Bumex exposure.

10. Plaintiff's injuries were the result of exposure to Bumex.

11. Mr. Malik's actions in prescribing and administering Bumex were below the standard of care in this locality for physician's assistants, and were the sole cause of Plaintiff's anaphylactic shock and related problems.

12. Plaintiff incurred damages in the amount of $500,000.00.

The issue before the court is whether the facts alleged in the SF-95 sufficiently described the injury to enable DHHS to begin its own investigation, as required by 28 U.S.C. §2675(a). Defendant contends that the only conduct the SF-95 placed DHHS on notice to investigate was the allegedly

4

negligent administration of Bumex, and since Bumex was not administered no further investigation was required, and no other claim was presented sufficient to satisfy the requirements of 28 U.S.C. §2675(a).

Notice provided pursuant to 28 U.S.C. §2675(a) is inadequate when it fails to provide basic information such as the date and location of the injury, Tidd v. United States, 786 F.2d 1565 (11th Cir. 1986), when the incident for which a plaintiff seeks recovery in his complaint is not mentioned in the administrative claim, Dynamic Image Technologies, Inc., v. United States, 221 F.3d 34 (1st Cir. 2000), or when a theory of recovery is raised in the complaint which was not suggested in the allegations stated in the notice. Staggs v. United States, 425 F.3d 881, 884-885 (10th Cir. 2005). None of these deficiencies is presented in the instant case.

The circumstances presented here are akin to those presented in Trentadue v. United States. In that case, the plaintiff's administrative claim alleged that prison guards had murdered her decedent, and sought damages for intentional infliction of emotional distress based on the alleged attempts of prison officials to wrongfully conceal his manner of death. The trial court found in favor of the plaintiff, awarding damages for intentional infliction of emotional distress based on the government's treatment of the decedent's family following his death and for conducting an autopsy after claiming one would not be performed without prior approval. The government sought to amend the judgment, claiming that sovereign immunity had not been waived for the specific grounds on which judgment had been rendered.

The Tenth Circuit rejected the government's contention that the notice provisions of Form 95 were to be so rigidly interpreted:

> [The test is] an eminently pragmatic one: as long as the language of an administrative

claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of damages sought, it fulfills the notice-of-claim requirement . . . Several courts in this jurisdiction have similarly interpreted the provision to require notice of the facts and circumstances underlying a claim rather than the exact grounds upon which plaintiff seeks to hold the government liable.

Trentadue, 397 F.3d 840, 852 (10th Cir. 2005) citing Dynamic Image Technologies, Inc., v. United States, 221 F.3d 34, 40 (1st Cir. 2000).

Applying a pragmatic approach to the notice requirement of 28 U.S.C.A. 2675(a), the court held that Plaintiff's administrative claim provided adequate notice that the government should investigate the conduct of prison officials.

Applying the pragmatic standard here, I find that Plaintiff's SF-95 notice adequately identified the incident at issue by date, time, location, medical provider involved and injury suffered. The identification of the specific drug alleged to cause Plaintiff's injuries could not have misled the Defendant, since only one drug was administered. Accordingly, permitting amendment would not be futile. I also find that Plaintiff's request to amend should not be barred on the grounds of timeliness, bad faith, dilatory motive and prejudice. Although it appears very clear to the court that Plaintiff received a copy of the November 11, 2003 clinic record identifying Clonidine as the medication administered to Plaintiff prior to filing her Form 95 [2], subsequent records identified the medication as Bumex. It would have been preferable for Plaintiff to have done a more thorough job of investigating her claim. Nonetheless, her confusion in identifying the drug administered is not conduct sufficiently egregious as to require the rejection of the liberal standard applicable under

---

[2]Plaintiff has disingenuously claimed that Defendant failed to provide this document when records were received from Health Centers of Northern New Mexico pursuant to a medical records authorization. The court can not credit this contention since information taken from the November 11, 2003 clinic note is s included in Plaintiff's SF-95.

Fed.R.Civ.P. 15 for amendment of pleadings. Finally, as noted by Plaintiff, it appears that all discovery conducted in this matter, including Defendants retention of expert witnesses, as proceeded under the understanding that the drug administered was Clonidine. Therefore, Defendant has not been prejudiced by Plaintiff's late realization of the identity of the drug involved.

### Findings

1. Plaintiff submitted a Form 95 to DHHS on or about October 15, 2004.

2. The Form 95 submitted by Plaintiff included a written statement describing incident at issue by date, time, location, medical provider involved, injury suffered and sum certain damages.

3. Plaintiff seeks damages stemming from the allegedly negligent administration of one dose of a drug by Mr. Malik, a physicians' assistant at HCNNM.

4. Defendant was not misled by Plaintiff's misidentification of the drug administered to her.

5. The Form 95 submitted by Plaintiff described the facts and circumstances underlying her claim sufficient to permit HSSD to investigate the conduct of Mr. Malik and HCNNM..

6. Defendant has not been prejudiced by Plaintiff's failure to properly identify the drug administered to her.

7. Plaintiff's failure to properly identify the drug administered to her was not the result of bad faith or dilatory motive.

### Conclusion and Recommended Disposition.

1. The claim presented in Plaintiff Proposed Amended Complaint appended to Docket No. 36 is not barred by the notice provisions of 28 U.S.C.A. 2675(a).

2. Plaintiff's Motion to File the Amended Complaint appended to Docket No. 36 should be granted.

Objections

In accordance with §28 U.S.C. 636(b) and Fed.R.Civ.P. 72(b), a party may file specific written objections to these Proposed Findings and Recommended Disposition. Objections must be filed with the Clerk of the District Court for the District of New Mexico within 10 days of being served with a copy of this Report and Recommendation. See Fed.R.Civ.P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Fed.R.Civ.P. 72(b). See also §28 U.S.C. 636(b)(1).

A "firm waiver rule" applies to appeals from orders adopting a Magistrate Judge's report and recommendation. "[The failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir.1996) (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)). A timely, specific and written objection is necessary to preserve an issue for de novo review by the assigned district judge and for appellate review by the court of appeals. See Thomas v. Am, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Handy v. Addison, 175 F.3d 1217 (10th Cir.1999); and Valley v. Hesse, 91 F.3d 1411 (10th Cir.1996).

_____
Richard L. Puglisi
United States Magistrate Judge

8